# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DARRELL JONES,<br>CDCR #V-97917,<br>Plaintiff,<br>vs.<br>CALIFORNIA YOUTH AUTHORITY,<br>Defendant. | Civil No. 07-2182 L (PCL)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Bobby Darrell Jones ("Plaintiff"), currently incarcerated at the California State Prison in Lancaster ("CSP-LAC"), California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his First and Eighth Amendment rights were violated by the California Youth Authority while he incarcerated at the Heman G. Stark Youth Correctional Facility in Chino, California in March 2007. (Compl. at 1-5.) Plaintiff seeks $180,000 in punitive damages. (*Id.* at 7.)

Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

## I.

## Lack of Proper Venue

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated at CSP-LAC, and claims constitutional violations based on events which are alleged to have occurred at the Heman G. Stark Youth Correctional Facility in Chino, which is located in San Bernardino County. (*See* Compl. at 1, 3.) Moreover, no defendant is alleged to reside in the Southern District, which is comprised only of San Diego or Imperial Counties. (*Id.*) *See also* 28 U.S.C. § 84(c) ("The Central District [of California] comprises 3 divisions. (1) The Eastern Division comprises the counties of Riverside and San Bernardino."); 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

/ / /

## II.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

**IT IS SO ORDERED.**

DATED: November 29, 2007

M. James Lorenz
United States District Court Judge

[1] Because the Court finds transfer appropriate, it defers ruling on the Motion to Proceed IFP to the Central District and expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A.